1

2                                                          O

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  M.Z., by and through her )   Case No. EDCV 07-1091-VAP
    parent, YILING ZHANG,    )   (OPx)
12  YILING ZHANG, an         )
    individual,              )   **[Motion filed on June 11,**
13                           )   **2008]**
                 Plaintiff,  )
14                           )   **ORDER GRANTING IN PART**
        v.                   )   **MOTION FOR RECONSIDERATION**
15                           )
    LAKE ELSINORE UNIFIED    )
16  SCHOOL DISTRICT; FRANK   )
    W. PASSARELLA,           )
17  individually and in his  )
    capacity of              )
18  Superintendent of Lake   )
    Elsinore Unified School  )
19  District; VERGINIA       )
    KISHBAUCH, individually  )
20  and in her official      )
    capacity; DONNA WOLTER,  )
21  individually and in her  )
    official capacity;       )
22  RIVERSIDE COUNTY SPECIAL )
    EDUCATION LOCAL PLANNING )
23  AREA; CALIFORNIA         )
    DEPARTMENT OF EDUCATION; )
24  OFFICE OF ADMINISTRATIVE )
    HEARINGS,                )
25                           )
                 Defendants. )
26  _____)

27  ///

28  ///

The Court has received and considered all papers filed in support of, and in opposition to, Plaintiff's Motion for Reconsideration.  The Motion is appropriate for resolution without oral argument.  <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15

## I. BACKGROUND

**A.   Procedural History**

Yiling Zhang ("Plaintiff") and M.Z. filed a Complaint ("Compl.") on August 28, 2007, naming as Defendants Donna Wolter, Riverside County Special Education Local Planning Area, California Department of Education ("CDE"), Office of Administrative Hearings ("OAH"), Lake Elsinore Unified School District ("LEUSD"), Frank W. Passarella, and Verginia Kishbauch (collectively, "Defendants").  The Complaint asserted claims for (1) appeal of an administrative hearing decision under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1415(i)(2) and Cal. Educ. Code § 56505(k); (2) violations of due process rights under the IDEA, 20 U.S.C. § 1415(f)(3)(A) and Cal. Educ. Code § 56501(b)(4); (3) failure to provide an administrative record in violation of 20 U.S.C. § 1415(h) and Cal. Educ. Code § 56505(e)(4); (4) deprivation of rights in violation of 42 U.S.C. § 1983; (5) violation of the Rehabilitation Act, 29 U.S.C. § 701 et seq.; (6) violation of the Americans with
///

2

1  Disabilities Act ("ADA"); and (7) retaliation in

2  violation of 42 U.S.C. § 1983.

3

4      On February 20, 2008, the Court issued an Order

5  ("February Order") granting Defendants' Motions to

6  Dismiss, dismissing Plaintiff's second, third, and fourth

7  claims without leave to amend and Plaintiff's first,

8  fifth, and sixth claims with leave to amend, and

9  dismissing minor M.Z. as a Plaintiff without leave to

10  amend.  Plaintiff filed a First Amended Complaint ("FAC")

11  on March 3, 2008, naming the same Defendants and

12  asserting claims for (1) appeal of an administrative

13  hearing decision under the IDEA, 20 U.S.C. § 1415(i)(2)

14  and Cal. Educ. Code § 56505(k); (2) violation of the

15  Rehabilitation Act, 29 U.S.C. §§ 701 et seq.; (3)

16  violation of the ADA; (4) violation of 42 U.S.C. § 1983;

17  and (5) violation of the IDEA, 20 U.S.C. § 1400, and

18  unspecified sections of the Cal. Educ. Code.

19

20      Plaintiff sought reversal of an administrative order

21  relieving LEUSD from its obligation to provide education

22  to M.Z., an order directing LEUSD to complete an

23  occupational therapy assessment of M.Z., sanctions

24  against LEUSD, an award of compensatory education, an

25  award of fees and costs, and other relief.  (FAC at 31-

26  32.)

27  ///

28

On May 23, 2008, the Court granted Defendants' Motion to Dismiss ("May 23 Order"), dismissing all of Plaintiff's claims, and issued a Judgment dismissing Plaintiff's Complaint with prejudice.

Plaintiff filed this Motion for Reconsideration ("Mot.") on June 11, 2008.  On June 20, 2008, Defendants Wolter, LEUSD, Passarella, and Kishbauch filed an Opposition ("Opp'n").  Plaintiff seeks reconsideration of the Court's May 23, 2008 Order granting Defendants' Motion to Dismiss.[1]

## II. LEGAL STANDARD

A motion for reconsideration brought under Rule 59(e) of the Federal Rules of Civil Procedure, "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  Specifically, a Rule 59(e) motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Kona Enterprises, Inc. v. Estate of

---

[1] The Motion also seeks reconsideration of the Court's entry of Judgment.  (Mot. at 3.)  Plaintiff does not, however, seek relief from the Judgment under Rule 60(b).

4

1  *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing 389

2  *Orange Street*, 179 F.3d at 665).   See also *Bhatnager v.*

3  *Surrendra Overseas, Ltd.*, 52 F.3d 1220, 1231

4  ("[R]eargument should not be used as a means to argue new

5  facts or issues that inexcusably were not presented to

6  the court in the matter previously decided." (internal

7  quotes omitted)).

8

9      Local Rule 7-18 permits a party to make a motion for

10  reconsideration only in the following limited

11  circumstances:

12          (a) a material difference in fact or law
            from that presented to the Court before
13          such decision that in the exercise of
            reasonable diligence could not have been
14          known to the party moving for
            reconsideration at the time of such
15          decision, or
            (b) the emergence of new material facts
16          or a change    of law occurring after
            the time of such decision, or
17          (c) a manifest showing of a failure to
            consider material facts presented to the
18          Court before such decision.

19  L.R. 7-18.

20

21                   **III. DISCUSSION**

22      Plaintiff contends that reconsideration is justified

23  here because (a) there is newly discovered evidence and

24  because the Court erred when it: (b) took judicial notice

25  of factual assertions in administrative hearing

26  decisions; (c) relied on a withdrawn Ninth Circuit

27  opinion; (d) misinterpreted Plaintiff's allegations and

28

demands; (e) dismissed Plaintiff's claim for failure to
enroll M.Z. at Butterfield Elementary; and (f) dismissed
Plaintiff's retaliation claim.

**A.   Newly Discovered Evidence**

Plaintiff alleges that LEUSD did not inform her until
April 2008 that the home-based educational services it
began providing M.Z. in December 2008 were merely
compensatory.  (Mot. at 4.)  She further alleges that
LEUSD has not provided education to M.Z. since April 21,
2008.  (Id.)

Plaintiff fails to explain why these new facts are
material to the claims in her Complaint.  Indeed, because
these matters occurred long after Plaintiff filed her
Complaint, it is unlikely they would affect the Court's
decision on a motion to dismiss, which is decided on the
basis of allegations in the Complaint.  See Hal Roach
Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,
1555 n.19 (9th Cir. 1990).  Accordingly, Plaintiff is not
entitled to reconsideration based on "the emergence of
new *material* facts."  See L.R. 7-18 (emphasis added).

**B.   Judicial Notice**

Plaintiff argues the Court wrongly relied on the
administrative record in concluding that that "Plaintiff
requested recusal solely because the ALJ heard the

1  previous case." (Mot. at 6.)   Plaintiff contends that

2  this conclusion contradicts the FAC, which alleges that

3  Plaintiff requested the ALJ recuse herself because of

4  "the ALJ's bias."  (Id.)

5

6     In her FAC, Plaintiff sought reversal of the

7  administrative hearing decision in Lake Elsinore Unified

8  Sch. Dist. v. Zhang. (See FAC ¶¶ 51-92.)   Attached to

9  the FAC was a copy of Plaintiff's closing brief in that

10 administrative hearing. (See FAC Ex. 1, Lake Elsinore

11 Unified Sch. Dist. v. Zhang, OAH No. N2007030019,

12 Respondent's Written Closing Brief (hereinafter "Pl.'s

13 OAH Brief").)  In its May 23 Order, the Court cited to

14 both the administrative order and Plaintiff's closing

15 brief for its conclusion that "[i]n the administrative

16 proceeding, Plaintiff contended the ALJ should recuse

17 herself solely because of the ALJ's conduct and rulings

18 in a previous hearing in the same matter." (See May 23

19 Order at 13.)

20

21     Thus, even if the Court had not taken judicial notice

22 of the administrative order, it would have concluded,

23 based on Plaintiff's brief attached as an exhibit to the

24 Complaint, that Plaintiff's allegation of bias was based

25 solely on the ALJ's actions in the previous hearings.

26 Indeed, in her Motion, Plaintiff presents no basis for

27 ///

28

7

1  her allegation that the ALJ was biased other than the
2  ALJ's conduct of the previous hearings.

3

4      Plaintiff also argues the Court wrongly concluded
5  that M.Z.'s parent did not want M.Z. to be assessed.
6  (Mot. at 6.)  She contends that this conclusion was based
7  solely on LEUSD's contentions and has no support in the
8  FAC.  (Id.)

9

10     In its May 23 Order, the Court cited to Plaintiff's
11  own brief attached to the FAC for its conclusion that
12  Plaintiff "affirmatively requested that OAH prohibit
13  LEUSD from assessing M.Z. because '[M.Z.] is neither
14  enrolled in the District, or is seeking to be enrolled in
15  the District.'"  (May 23 Order at 12-13 (citing Pl.'s OAH
16  Brief at 3, 7).)  Indeed, the "statement of the issue"
17  Plaintiff provided in her brief was whether LEUSD may
18  "override lack of parent consent to assess [M.Z.]."
19  (Pl.'s OAH Brief at 3.)  Accordingly, the Court reached
20  this conclusion based on materials attached to the FAC,
21  not as the result of improper judicial notice.

22

23  **C.   Withdrawn Ninth Circuit Opinion**

24     Under the IDEA, a party may bring a civil action
25  challenging an administrative decision only if the party
26  is "aggrieved" by that decision.  20 U.S.C. §
27  1415(i)(2)(A).  In its May 23 Order, the Court relied on
28

Levina v. San Luis Coastal Unified School District to
hold that a party is "aggrieved" by an administrative
hearing only if the party was denied relief it
affirmatively requested.  (See May 23 Order at 9-10
(citing Levina v. San Luis Coastal Unified Sch. Dist.,
514 F.3d 866, 868 (9th Cir. 2007), superseded on reh'g,
Levina v. San Luis Coastal Unified Sch. Dist., 2008 WL
1817339 (9th Cir. 2008)).)  The Court acknowledged that
Levina was withdrawn by the Ninth Circuit, but that the
superseding opinion did not address the question of when
a party is "aggrieved."  (See id. at 10.)  Lacking
further guidance, the Court adopted the test set forth in
the original, withdrawn Levina opinion.  (Id.)

Plaintiff provides no authority for her contention
that the Court erred in adopting the Levina test.[2]  With

_____

[2] Plaintiff cites Christopher S. v. Stanislaus County
Office of Education for her contention that a party has
standing to challenge an administrative hearing if it is
"dissatisfied" with the result.  (Mot. at 7.)  In
Christopher S., the Ninth Circuit stated "[i]f the
hearing is held by a state agency . . . any party
dissatisfied with the result may file a civil action."
Christopher S. v. Stanislaus County Office of Educ., 384
F.3d 1205, 1210 (2004).  This statement is dicta,
however, and had no effect on the outcome of the case.
Moreover, the Ninth Circuit did not explain what it meant
by "dissatisfied."  Looking at the context of this
passage, it is clear that the court intended to use
                                        (continued...)

1  no binding authority on the matter, the Court was
2  obligated to interpret the meaning of "aggrieved," and
3  found persuasive the reasoning in the withdrawn <u>Levina</u>
4  opinion.

5

6  **D.   Misinterpretations of Plaintiff's Allegations and**
7  **     Demands**

8  **     1.   "Resolution" of the Compliance Complaint**

9       In its May 23 Order, the Court stated that "Plaintiff
10 alleges . . . that her compliance complaint was resolved
11 in August 2005."  (May 23 Order at 22-23 (citing FAC ¶
12 31).)  Plaintiff argues the FAC never makes such an
13 allegation.  (Mot. at 8.)

14

15      The Court referred to Plaintiff's compliance
16 complaint in the context of its discussion of Plaintiff's
17 claim for retaliation under the IDEA.  (<u>See</u> May 23 Order
18 at 22-23.)  In her FAC, Plaintiff alleged that LEUSD
19 retaliated against her for filing the complaint by taking
20 retaliatory actions.  (<u>See</u> <u>id.</u> at 22.)

21

22      Plaintiff, however, never clearly explained when the
23 allegedly retaliatory actions occurred.  Nor did she
24 allege the date on which she filed the compliance

25 _____

26 (...continued)
27 "dissatisfied" as a synonym for "aggrieved," thus
   providing no useful guidance as to the test for when a
28 party may seek relief in District Court.

1   complaint.  Plaintiff did, however, allege that CDE
2   issued "a Compliance Report" in response to the complaint
3   in which it found LEUSD had violated state and federal
4   law.  (FAC ¶ 31.)  The Court referred to this "Compliance
5   Report" as a "resolution" of the complaint.  (See May 23
6   Order at 22-23.)

7

8       Whether the Compliance Report was indeed the
9   "resolution" of Plaintiff's compliance complaint is not
10  material to the determination of her claim for
11  retaliation.  The Court used the date of the Compliance
12  Report merely to deduce that Plaintiff filed her
13  complaint at some point before the report.  (See id.)

14

15      From this, the Court concluded that relief for any
16  allegedly retaliatory actions that occurred close to the
17  time Plaintiff filed her report is barred by the two-year
18  statute of limitations.  (See id.)  On the other hand,
19  if any of the allegedly retaliatory actions occurred less
20  then two years before Plaintiff filed her Complaint, the
21  Court could not infer that Defendants took those actions
22  in retaliation for filing the complaint, since they
23  occurred so long after it was filed.  (See id. (citing
24  Pardi v. Kaiser Foundation Hospitals, 389 F.3d 840, 850
25  (9th Cir. 2004)).)  Whether the Court accurately
26  referred to the date of the Compliance Report as the
27  "resolution" of the compliance complaint does not affect
28

1   this analysis, and is therefore not a difference in

2   "material fact" that would justify reconsideration under

3   Rule 59(e).  <u>See</u> L.R. 7-18.

4

5       **2.  Attorneys' Fees**

6       In the FAC, Plaintiff sought reversal of the

7   administrative hearing officer's failure to impose

8   sanctions on LEUSD.  (FAC ¶ 91.)  The Court held that

9   Plaintiff had no standing to seek attorneys' fees as a

10  sanction.  (May 23 Order at 15.)  Plaintiff argues that

11  this conclusion was in error because the FAC did not

12  specify that it was seeking attorneys' fees, only that it

13  was seeking sanctions.  (Mot. at 8-9.)

14

15      Plaintiff bears the burden of setting forth in her

16  Complaint "fair notice of what the plaintiff's claim is

17  and the grounds upon which it rests."  <u>Conley v. Gibson</u>,

18  355 U.S. 41, 47 (1957).  Here, both the FAC and the

19  administrative record failed to identify what sanctions

20  were sought.  If Plaintiff sought sanctions other than

21  attorneys' fees, she failed to identify them in the FAC.

22  Based on the claims as set forth in the FAC, the Court's

23  May 23 Order was not in error.

24

25  **E.  Butterfield Elementary**

26      In its May 23 Order, the Court dismissed Plaintiff's

27  claim against LEUSD for failing to allow M.Z. to enroll

28

1  at Butterfield Elementary.  (See May 23 Order at 21.)
2  The Court cited Ninth Circuit authority holding that a
3  Plaintiff must exhaust IDEA remedies before pursuing a
4  claim against a school district for failing to enroll a
5  disabled child.  (See id.)  Here, Plaintiff cites no
6  authority for her argument that "no additional exhaustion
7  is required" for this claim.  (Mot. at 9.)  Accordingly,
8  Plaintiff has failed to show the Court's May 23 Order was
9  in error.

10

11  **F.   The Retaliation Claim**

12       In her initial Complaint, Plaintiff asserted two
13  claims under 42 U.S.C. § 1983.  Her fourth claim was for
14  deprivation of rights in violation of § 1983, and her
15  seventh claim was for retaliation in violation of § 1983.
16  In its February 20, 2008 Order Granting Defendants'
17  Motion to Dismiss ("February 20 Order"), the Court
18  explicitly addressed only the fourth claim, holding that
19  it was barred by Blanchard v. Morton School District, in
20  which Ninth Circuit held that rights secured under the
21  IDEA are not a basis for suit under § 1983.  (See
22  February 20 Order at 15 (citing Blanchard v. Morton
23  School Dist., 509 F.3d 934, 938 (9th Cir. 2007)).)  The
24  February 20 Order expressly dismissed the fourth claim
25  without leave to amend, and did not expressly grant or
26  deny leave to amend on Plaintiff's seventh claim for
27  retaliation.

28

1      In the FAC, Plaintiff again asserted a claim for

2  retaliation in violation of § 1983.  In a footnote to the

3  May 23 Order, the Court explained,

4          The Court did not address this claim
           separately in its February 20, 2008
5          Order, because the seventh claim was
           substantively indistinguishable from the
6          fourth claim.  Accordingly, when the
           Court held that "[a] deprivation of
7          rights secured under the IDEA is not a
           basis for suit under § 1983," and thus
8          that "Plaintiff has failed to state a
           claim under § 1983," this holding
9          disposed of the fourth and seventh
           claims, both of which attempted to assert
10         a claim based on deprivation of rights
           secured under the IDEA.

11 (May 23 Order at 3 n.1 (citing February 20 Order at 16-

12 17).)

13

14     Here, Plaintiff argues the Court erred in concluding

15 that her retaliation claim was based on rights secured

16 under the IDEA.  (Mot. at 9.)  Instead, she argues the

17 initial Complaint and the FAC both expressly alleged

18 retaliation for the exercise of her First Amendment

19 rights.  (Id.)

20

21     The seventh claim of Plaintiff's initial Complaint

22 alleged, in pertinent part, "[t]he Individual Defendants

23 . . . have denied Student a FAPE to which she is

24 entitled, in retaliation for Student's Mother's advocate

25 role for Student and public voicing concerns of LEUSD in

26 violation of the United States Constitution."  (Compl. ¶

27 134.)  This claim does not mention the First Amendment.

28

14

1   It expressly alleges only a denial of the right to a free
2   and appropriate public education ("FAPE") secured by the
3   IDEA.   The February 20 Order dismissing Plaintiff's §
4   1983 claim for denial of FAPE without leave to amend thus
5   disposed of this claim.

6

7       The FAC, in contrast, alleges retaliation in
8   violation of the First Amendment.   The fourth claim of
9   the FAC alleges, in pertinent part, that "Plaintiff . . .
10  talked to a newspaper"; "defendants' adverse actions
11  caused Plaintiff to suffer an injury that chill Plaintiff
12  from continuing to engage in that activity;" and "[t]he
13  adverse action was motivated . . . as a response to the
14  exercise of Plaintiff's constitutional rights."  (FAC ¶¶
15  125-27.)

16

17      The May 23 Order overlooked Plaintiffs additional
18  allegations regarding protected speech activity.
19  Accordingly, the Court GRANTS Plaintiff's request for
20  reconsideration of its dismissal of the fourth claim in
21  her FAC, for retaliation in violation of §1983.

22

23      Upon reconsideration, however, the Court again
24  dismisses Plaintiff's retaliation claim.   Although
25  Plaintiff alleges that Defendants retaliated against her
26  for the exercise of constitutional rights, the only
27  manifestation of that retaliation was a denial of rights
28

15

guaranteed under the IDEA.  Plaintiff's FAC alleges that, in retaliation for her speech activities, Defendants "denied M.Z. access to public education to which she is entitled."  (FAC ¶ 129.)  The FAC does not allege any acts of retaliation other than this denial of IDEA-guaranteed rights.

In <u>Blanchard</u>, the Ninth Circuit held that a plaintiff may not bring suit under § 1983 for "violations of any right relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." <u>Blanchard</u>, 509 F.3d at 937-38 (quoting <u>A.W. v. Jersey City Pub. Sch.</u>, 486 F.3d 791, 797-803 (3d Cir 2007)).  In her retaliation claim, Plaintiff alleges that Defendants violated her right to free speech by denying M.Z. her right to a free appropriate public education.  (<u>See</u> FAC ¶ 129.)  As this claim "relates to" M.Z.'s rights guaranteed under the IDEA, Plaintiff has failed to state a claim for retaliation in violation of §1983.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Request for Reconsideration of its May 23, 2008 Order granting Defendants' Motions to Dismiss only as to the fourth claim of Plaintiff's First Amended Complaint.  The Court DENIES Plaintiff's Request for

1   Reconsideration as to all other claims.  Upon

2   reconsideration, the Court DISMISSES the fourth claim of

3   Plaintiff's First Amended Complaint without leave to

4   amend.

5

6

7   Dated:  _August 13, 2008_     _____

8                                VIRGINIA A. PHILLIPS
                                 United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28